USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-13-18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANIK ROY,

                    Petitioner,

          -against-

UNITED STATES OF AMERICA,

                    Respondent.

18-cv-3105 (JGK)

OPINION AND ORDER

JOHN G. KOELTL, United States District Judge:

On October 19, 2017, the petitioner, Anik Roy, pleaded guilty pursuant to a plea agreement to Counts I and II of an indictment. Count I charged the petitioner with conspiracy in violation of 18 U.S.C. § 371 to violate 18 U.S.C. § 641; Count II charged the petitioner with the substantive offense of theft of Government funds, in violation of 18 U.S.C. §§ 641 and 2. By pleading guilty pursuant to the plea agreement, the petitioner avoided pleading guilty to Count III of the indictment, which charged him with aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1), 1029(b)(2), and 2, a charge that was dismissed at sentencing.

On February 26, 2018, this Court sentenced the petitioner primarily to a term of six months' imprisonment and a three-year term of supervised release with a condition of six months' home confinement on Count I and II, to run concurrently. As a result of his conviction and sentence, the petitioner, a noncitizen, is

subject to mandatory removal under 8 U.S.C. § 1227(a)(2)(A)(iii) for committing aggravated felonies.

The petitioner timely filed a habeas petition under 28 U.S.C. § 2255, seeking to set aside his conviction and sentence on grounds of alleged ineffective assistance of counsel. For the reasons explained below, the petition is **granted in part**.

## I.

The petitioner entered the United States from Bangladesh sometime in late 2007 or 2008 with a diversity visa. Pet. Ex. E at ¶¶ 50, 52. In December 2016, the petitioner was charged in the three-count indictment described above. Pet. Ex. B. The charges related to a scheme carried out from September 2011 to March 2015 whereby the petitioner and a co-defendant filed false tax returns and obtained refund checks to which they were not entitled. Pet. at 1.

The petitioner was represented by experienced defense counsel throughout his criminal proceeding. Ultimately, the petitioner agreed to plead guilty to Counts I and II and stipulated that the Government's loss was at least $95,000. Pet. at 5. The petitioner was sentenced principally to a term of six months' imprisonment to be followed by three years of supervised release with a condition of six months' home confinement on each count, with the sentences on each count to run concurrently. The

petitioner was also ordered to pay restitution in the amount of $114,669.45 to the Internal Revenue Service. Pet. Ex. G at 19.

Represented by new counsel, the petitioner filed this 28 U.S.C. § 2255 petition, arguing that trial counsel rendered ineffective assistance by failing to: (1) explain adequately the immigration consequences of his conviction, resulting in the petitioner unknowingly and involuntarily entering his plea of guilty; (2) seek a plea to a nonaggravated felony; (3) advise the Court, for sentencing purposes, of the petitioner's presumptively mandatory removal; and (4) ask for a sentence of one day less than a year so that the petitioner's offenses of conviction would not be classified as aggravated felonies. This Court held an evidentiary hearing on September 20, 2018, at which trial counsel, an immigration lawyer who was consulted by trial counsel, and the petitioner all testified. Having reviewed the evidence and assessed the credibility of the witnesses, the Court makes the following findings of fact and reaches the following conclusions of law.

Trial counsel, assisted by an associate and an intern in his office, researched the immigration consequences facing the petitioner. Hearing Tr. at 33–34. He also consulted a member of the Immigrant Defense Project and immigration counsel. Id. at 22–24. Trial counsel determined that Counts I and II were most likely aggravated felonies, and that the petitioner would be

removable if he pleaded guilty to those Counts. Id. at 36–37, 66–67. The Government also believed that Counts I and II were aggravated felonies. Trial Counsel Decl. ¶ 14.

Trial counsel testified credibly that he explained to the petitioner the immigration consequences of pleading guilty to these counts. Hearing Tr. at 66–67. But the petitioner was uninterested in going to trial after trial counsel told the petitioner that the Government had a strong case against him. Id. at 67, 102–03. According to trial counsel, the petitioner was concerned primarily with resolving his case in a way involving as little prison time as possible; the petitioner expressed repeatedly that he wished to avoid incarceration. Id. at 51–52. Trial counsel therefore negotiated a plea of guilty to Counts I and II and dismissal of Count III, which carried a two-year mandatory minimum sentence. Id. at 72.

The plea agreement signed by the petitioner stated that the petitioner recognized that his plea and conviction made it "very likely that his deportation from the United States is presumptively mandatory and that, at a minimum, he is at risk of being deported or suffering other adverse immigration consequences." Pet. Ex. C at 5. The plea agreement also acknowledged that the petitioner discussed the possible immigration consequences of his plea with counsel and that the

petitioner wished to plead guilty nonetheless. Id. Moreover, at the petitioner's plea hearing, the following colloquy occurred:

> THE COURT: Do you . . . understand that if I accept your guilty plea and adjudge you guilty, that adjudication can be used to remove you from the United States, what used to be called deportation?
>
> THE DEFENDANT: I understand that.
>
> . . .
>
> THE COURT: You've spoken to your lawyer about the immigration consequences of your plea; is that correct?
>
> THE DEFENDANT: Yes, your Honor.

Pet. Ex. D at 19.

Trial Counsel wrote a sentencing memorandum to the Court requesting that the petitioner receive only probation. Pet. Ex. F at 2. The memorandum did not mention the petitioner's removability because trial counsel believed erroneously that the Court could not consider removability when determining an appropriate sentence. See Trial Counsel Decl. at ¶ 8. At the petitioner's sentencing hearing, trial counsel twice asked for probation before the Court indicated its proposed sentence. Pet. Ex. G at 3, 13. Trial counsel added the second time that "[the petitioner] understands that this is an aggravated felony that could result in his deportation." Id. at 13. After the Court indicated its proposed sentence, trial counsel once more asked, at the petitioner's request, that the petitioner be sentenced only to probation. Id. at 20.

The petitioner contends that, despite the numerous occasions where immigration consequences were acknowledged, he was unaware throughout his criminal proceeding of the immigration consequences he faced. He testified that he believed that he "might get into [a] little trouble with immigration" but that he would not face presumptively mandatory deportation. See Hearing Tr. at 88, 98-99. The petitioner stated that his trial counsel did not "even discuss the immigration with [him] that much," and the petitioner stated that he took the warnings in the plea agreement "to mean that [he] wouldn't have any problem with deportation." Id. at 98-99. This testimony was not credible. The petitioner also claimed that, although he is afraid of prison, he would have pleaded guilty to Count III, which carried a two-year mandatory minimum sentence, if he knew that it would have reduced his risk of deportation – even if it were possible that he would still be deported after that two-year term of imprisonment. Id. at 93, 103-05. This testimony also strained credulity.

Additionally, the petitioner testified that he fears removal to Bangladesh, a Muslim country, because he believes he will be persecuted as a Hindu. Id. at 87. He also stated that he has a significant other in the United States and that his entire family has emigrated from Bangladesh to the United States,

including his brother who, as a Hindu, sought asylum in the United States. <u>Id.</u> at 78, 87, 88.

## II.

Criminal defendants have a Sixth Amendment right to the effective assistance of counsel during all critical stages of a criminal proceeding, including sentencing. <u>Janvier v. United States</u>, 793 F.2d 449, 451 (2d Cir. 1986). To establish a claim of ineffective assistance of counsel, the petitioner must show both that: (1) his counsel's performance was deficient in that it was objectively unreasonable under professional standards prevailing at the time, and (2) his counsel's deficient performance was prejudicial to his case. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984); <u>Bunkley v. Meachum</u>, 68 F.3d 1518, 1521 (2d Cir. 1995).

To meet the first prong of the <u>Strickland</u> test, the petitioner must establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." <u>Strickland</u>, 466 U.S. at 687. The petitioner bears the burden of proving "that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 381 (1986) (citing <u>Strickland</u>, 466 U.S. at 688-89).

7

In Padilla v. Kentucky, the Supreme Court held that "[t]he weight of prevailing professional norms supports the view that counsel must advise [a] client regarding the risk of deportation." 559 U.S. 356, 367 (2010). Prevailing professional norms also suggest that counsel should seek a sentence that mitigates the immigration consequences facing the client. See Shu Feng Xia v. United States, No. 14cv10029, 2015 WL 4486233, at *7-8 (S.D.N.Y. July 20, 2015). Counsel's duty to advise properly and act in consideration of the immigration consequences of a case varies with the complexity of the immigration laws implicated. See Padilla, 559 U.S. at 369. When the laws are unclear, counsel need only advise that pending criminal charges "may carry a risk of adverse immigration consequences." Id. "But when the deportation consequence is truly clear," counsel should advise accurately and act with due regard to the immigration consequence. See id.; Shu Feng Xia, 2015 WL 4486233 at *8.

To meet the second prong of the Strickland test, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In the context of sentencing, the petitioner must show that but for counsel's

ineffectiveness, there is a reasonable probability that the sentence imposed would have been different. See United States v. Workman, 110 F.3d 915, 920 (2d Cir. 1997); see also Herrera-Gomez v. United States, No. 05cr495, 2009 WL 4279439, at *5 (S.D.N.Y. Dec. 1, 2009). And in the context of a guilty plea that a petitioner seeks to vacate, the petitioner must show that there is a reasonable probability that, but for the challenged ineffective assistance, he would not have pleaded guilty and would have insisted on going to trial. United States v. Couto, 311 F.3d 179, 187 (2d Cir. 2002), abrogated on other grounds by Padilla, 559 U.S. 256.

### III.

The petitioner raises a series of claims of ineffective assistance of counsel concerning his trial counsel's representation of him in connection with his plea and in connection with his sentencing.

### A.

The petitioner first argues that trial counsel was ineffective in explaining the immigration consequences of pleading guilty to Counts I and II. Due to this alleged deficiency, the petitioner claims that he was unaware that his plea would subject him to mandatory removal. Had the petitioner known the immigration consequences, he argues, he would not have pleaded guilty to Counts I and II. Thus, the petitioner contends

that trial counsel's ineffectiveness caused him to enter into his plea agreement unknowingly and involuntarily.

Contrary to the petitioner's assertions, the record shows that the petitioner was aware of the immigration consequences of his guilty plea; the petitioner's testimony to the contrary is not credible. Trial counsel credibly testified that he researched extensively the immigration consequences of the petitioner's case, determined that the petitioner was alleged to have committed aggravated felonies, and then explained to the petitioner that he likely faced deportation. Moreover, the plea agreement stated that, by pleading guilty, the petitioner would likely face presumptively mandatory deportation. Pet. Ex. C at 5. The petitioner read the agreement, Hearing Tr. at 96, and trial counsel credibly testified that he told the petitioner that signing the plea agreement would subject the petitioner to removal, id. at 66-67.

Moreover, at the plea hearing, the Court confirmed that the petitioner understood that his conviction "[could] be used to remove" him from the United States, and that the petitioner spoke with his trial counsel about the immigration consequences of his plea. Pet. Ex. D at 19. And at the petitioner's sentencing, trial counsel stated that "[the petitioner] understands that this is an aggravated felony that could result in his deportation." Pet. Ex. G at 13.

In short, the evidence does not reasonably support the petitioner's claim that he was unaware of the immigration consequences of his plea. Trial counsel was effective in relaying the immigration consequences, and the petitioner's alleged lack of knowledge is not credible. The petitioner has failed to demonstrate that he was afforded ineffective assistance of counsel in connection with his guilty plea.

Moreover, the petitioner has failed to show prejudice from any advice he received from his trial counsel because he has failed to show that there is any additional advice he should have been given that would have caused him to reject the plea offer by the Government and take his chances at a trial on all three counts of the indictment, including the charge of aggravated identity theft that would have subjected him to a two-year mandatory minimum term of imprisonment. Trial counsel informed the petitioner that the Government had a strong case against him, and the petitioner said that he did not wish to go to trial. A trial could have led to the petitioner's being convicted on all Counts and sentenced to at least two years of imprisonment. Thus, forgoing a plea in favor of trial would have been contrary to the petitioner's primary goal of avoiding prison time. Because the petitioner would not have, but for the alleged ineffective assistance, insisted on going to trial, he

did not suffer prejudice under Strickland. See Couto, 311 F.3d at 187.

**B.**

The petitioner next contends that trial counsel rendered ineffective assistance by securing a plea that subjected him to mandatory removal. The petitioner claims that if he had pleaded guilty to Count III – which involved conduct occurring in March 2015, Pet. Ex. C at 3-4 – and paid restitution, he would not be mandatorily removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for having committed an aggravated felony, nor removable under 8 U.S.C. § 1227(a)(2)(A)(i) for having committed a crime of moral turpitude within five years of entering the United States. Thus, the petitioner contends that trial counsel should have secured a plea to Count III rather than to Counts I and II.

However, Count III carried a two-year mandatory minimum sentence. The petitioner stressed throughout his criminal proceeding that he wanted his case to be resolved in a way that minimized the chance or amount of incarceration. Given the petitioner's desire to avoid prison, trial counsel did not seek a plea agreement to Count III, which would have guaranteed the petitioner at least two years of imprisonment; trial counsel instead sought a disposition that would minimize the petitioner's time of imprisonment. Indeed, after the petitioner pleaded guilty to Counts I and II, trial counsel requested in a

12

sentencing memorandum – and three times at sentencing – that the petitioner be sentenced only to probation. As a result of his guilty plea, the petitioner received a sentence principally of six months' imprisonment and three years of supervised release that included six months of home confinement, as opposed to the two-year minimum sentence attached to Count III.

It is clear that the petitioner – who was informed of the immigration consequences facing him – was concerned primarily with avoiding time in prison, not avoiding deportation. Trial counsel was therefore effective; he sought and obtained a disposition in line with the petitioner's desire to minimize incarceration.

### C.

Third, the petitioner contends that trial counsel was ineffective in failing to mention in his sentencing memorandum that the petitioner faced mandatory removal from the United States. Trial counsel had included that fact in a draft of the sentencing memorandum but removed it based upon his belief that the Court could not consider that consequence for sentencing purposes. Trial Counsel Decl. at ¶ 8. However, the petitioner points out that in United States v. Thavaraja, the Second Circuit Court of Appeals held, "In determining what sentence is 'sufficient, but not greater than necessary,' to serve the needs of justice, 18 U.S.C. § 3553(a), a district court may take into

account the uncertainties presented by the prospect of removal proceedings and the impact deportation will have on the defendant and his family." 740 F.3d 253, 262-63 (2d Cir. 2014). The petitioner therefore contends that trial counsel's sentencing memorandum failed to bring a legitimate concern to the Court's attention, thereby prejudicing the petitioner.

However, this Court was certainly aware of the petitioner's noncitizen status and of the potential immigration consequences he faced. Indeed, they were stated in his plea agreement and acknowledged at his plea hearing. See Pet. Ex. C at 5, Ex. D at 19. Moreover, trial counsel stated at sentencing that the petitioner's offenses were aggravated felonies that could subject him to removal. Pet. Ex. G at 13. Therefore, the petitioner has failed to establish the second prong for a violation of Strickland. The petitioner has failed to show that he was prejudiced in any way by trial counsel's failure to include an argument based on immigration consequences in his sentencing memorandum.

### D.

Finally, the petitioner argues that trial counsel rendered ineffective assistance by not advising the Court of the immigration consequences attached to a sentence of six months' imprisonment and six months' home confinement as part of a term of supervised release and by failing to ask the Court to remove

14

one day from the petitioner's term of home confinement. Had trial counsel done so, the petitioner contends, the petitioner's crimes would not have been classified as aggravated felonies and he would not be subject to mandatory removal. This argument depends on a reading of the immigration statutes that has not yet been resolved in this Circuit.

Committing an aggravated felony, defined in 8 U.S.C. § 1101(a)(43), subjects a noncitizen to mandatory deportation under 8 U.S.C. § 1227(a)(2)(A)(iii). A noncitizen who commits an aggravated felony is also precluded from seeking certain forms of discretionary relief from removal, including asylum, application or reapplication for a visa or for an adjustment of status, and cancellation of removal. 8 U.S.C. §§ 1158(b)(2)(A)(ii), (B)(i); 1182(h)(2); 1229b(a)(3), (b)(1)(C); Moncrieffe v. Holder, 569 U.S. 184, 187 (2013).

The petitioner pleaded guilty to conspiring in violation of 18 U.S.C. § 371 to commit theft of Government funds in violation of 18 U.S.C. § 641, and the substantive offense of theft of Government funds in violation of 18 U.S.C. § 641. Trial counsel believed that these offenses were aggravated felonies under 8 U.S.C. § 1101(a)(43)(M) as offenses involving fraud or deceit in which the loss to the Government exceeded $10,000. However, the

petitioner argues that under the categorical approach,[1] his offenses are theft offenses. A theft offense is an aggravated felony only if the term of imprisonment for the offense is at least one year.[2] 8 U.S.C. § 1101(a)(43)(G). Hence, the petitioner claims that had trial counsel asked the Court to remove one day from the petitioner's sentence, and had the Court done so, the petitioner's theft offenses would not constitute aggravated felonies.

The Government responds that, if the petitioner's offenses were theft offenses, a sentence of one less day would not affect the immigration consequences facing the petitioner. The crimes to which the petitioner pleaded guilty were "crimes of moral turpitude" occurring within five years of the petitioner's entry into the United States, subjecting him to removal under 8 U.S.C. § 1227(a)(2)(A)(i)-(ii).[3] Therefore, the Government contends that

---

[1] See, e.g., Mathis v. United States, 136 S. Ct. 2243 (2016); Mellouli v. Lynch, 135 S. Ct. 1980 (2015); Descamps v. United States, 570 U.S. 254 (2013); Moncrieffe, 569 U.S. 184.

[2] The Government argues that the petitioner's sentence might not be one year for purposes of 8 U.S.C. § 1101(a)(43)(G) because six months of it is to be served in home confinement, not in prison. But the petitioner cites out-of-circuit cases indicating that home confinement is treated as part of the total sentence of imprisonment for purposes of § 1101(a)(43), and the Government provides no cases or argument to the contrary. See, e.g., Herrera v. U.S. Attorney. Gen., 811 F.3d 1298, 1300-01 (11th Cir. 2016) (house arrest is a term of imprisonment); Ilchuk v. Attorney Gen. of U.S., 434 F.3d 618, 623 (3d Cir. 2006) (same).

[3] For this reason, the petitioner also argues that trial counsel was ineffective in failing to seek a plea whereby the petitioner pleaded guilty to Counts I and II but allocuted to criminal conduct occurring only more than five years after the petitioner entered the United States. But the petitioner provides no evidence that the Government would have agreed to such a plea. Moreover, when determining whether crimes of moral turpitude occurred within

the petitioner could not have experienced prejudice under Strickland because, had trial counsel obtained a sentence of under one year, the petitioner would still be removable; whether he pleaded guilty to aggravated felonies does not affect his removability.[4]

## 1.

The first issue is whether trial counsel's failure to ask the Court to reduce the petitioner's sentence by one day constitutes deficient performance under the first prong of the Strickland analysis.

The classification of the petitioner's offenses for immigration purposes is unclear. Neither the Board of Immigration Appeals ("BIA") nor the Second Circuit Court of Appeals has resolved whether – or under what circumstances – a violation of 18 U.S.C. § 641 is a fraud offense under 8 U.S.C. § 1101(a)(43)(M), a theft offense under § 1101(a)(43)(G), or both. In non-precedential opinions, the BIA has considered whether a violation of 18 U.S.C. § 641 was a fraud offense or a

---

five years of entry, immigration courts look to the entire record, not only the allocution. See In Re Truong, 22 I. & N. Dec. 1090, 1093 (1999). The indictment, which an immigration court can consult as part of the record of conviction, id., includes criminal conduct occurring within five years of the petitioner's entry into the United States. The petitioner therefore cannot prove that this alleged failure of trial counsel caused him prejudice.

[4] The Government does note that a noncitizen who is deportable for crimes involving moral turpitude, but not for aggravated felonies, "may be able to seek a discretionary waiver on a new adjustment of status with a sponsoring relative under 8 U.S.C. § 1182(h)." Opp'n at 10 (internal quotation marks omitted).

theft offense. See In Re: Beverly Evadne Bent A.K.A. Beverly Benford A.K.A. Beverly Bent, AXXX XX1 783, 2017 WL 2376474, at *5-6 (BIA Apr. 21, 2017) (conviction under § 641 determined to be a crime of theft and not fraud); In Re: Daniele Pazi-Alvarez A.K.A. Daniele Pazi Alvarenga, AXXX XX0 423, 2016 WL 8468265, at *3 (BIA Dec. 12, 2016) (same); In Re: Thompson, Abiodun Oduntan, AXX-XX5-871, 2003 WL 23508530, at *2 (BIA Dec. 30, 2003) (per curiam) (conviction under § 641 determined to be a crime of fraud). Applying the related immigration laws and precedents in an attempt to resolve this question does not yield a "truly clear" answer. See Padilla, 559 U.S. at 369.

While trial counsel believed that the offenses of conviction were fraud offenses, see Hearing Tr. at 36, it should have been plain to trial counsel that the petitioner's offenses might have been theft offenses, and not fraud offenses. In describing its elements, 18 U.S.C. § 641 sets forth a series of terms synonymous with theft: "Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another . . . [a] thing of value of the United States . . . [s]hall be fined under this title or imprisoned not more than ten years, or both." (Emphasis added). Additionally, the indictment charged the petitioner with "conspiring to steal government funds," and "theft of government funds." Pet. Ex. C at 1 (emphasis added).

The various terms in the statute do not require fraud or deceit, although they do not preclude that fraud or deceit was involved.

In Shu Feng Xia v. United States, 2015 WL 4486233, a court in this District addressed a situation where the petitioner's trial counsel believed the petitioner faced mandatory deportation for committing immigration document fraud, in violation of 18 U.S.C. § 1546(a). Id. at *1, *3. Based on this belief, trial counsel's "primary objective . . . [was] a sentence without imprisonment and thus the issue of the difference between a prison sentence of less or more than a year was never discussed prior to sentencing." Id. at *3 (alteration in original) (internal quotation marks omitted). Therefore, when the petitioner was sentenced to a year and a day of incarceration, trial counsel did not ask for a reduction. See id.

However, under 8 U.S.C. § 1101(a)(43)(P), immigration document fraud is an aggravated felony only if it results in a sentence of one year or more. Thus, whether the Shu Feng Xia petitioner was automatically removable as an alien convicted of an aggravated felony hinged on the length of his sentence. 2015 WL 4486233 at *6. The court held that, because the immigration laws clearly indicated that a sentence of one year or more would subject the petitioner to mandatory deportation, trial counsel's

19

failure to alert the court to this fact constituted ineffective assistance. Id. at *6, *8, *10.

Here, the significance of a sentence below one year is not as clear as in Shu Feng Xia. Immigration document fraud violations under 18 U.S.C. § 1546(a) are expressly covered by 8 U.S.C. § 1101(a)(43)(P). And § 1101(a)(43)(P) explicitly provides that such offenses are aggravated felonies only if they result in a sentence of one year or more. However, neither 8 U.S.C. § 1101(a)(43)(G) (theft) nor § 1101(a)(43)(M) (fraud) expressly covers 18 U.S.C. § 641 violations. And the length of the petitioner's sentence dictates whether he is mandatorily deportable only if his offenses are theft offenses, and not fraud offenses.

Nonetheless, the possibility that the petitioner's offenses were theft offenses and not fraud offenses was sufficiently clear. The circumstances in this case are not so distinguishable from those in Shu Feng Xia as to compel a different result. Effective counsel would have accounted for the possibility that the petitioner's offenses might be theft offenses, advised the Court that the petitioner could be mandatorily deportable if given a one-year sentence, and asked the Court for a one-day reduction in the petitioner's home confinement. Trial counsel was therefore deficient under Strickland's first prong.

**2.**

With respect to Strickland's prejudice prong, the petitioner acknowledges that, were he given a reduced sentence, there is still the possibility that he would be deportable for having committed crimes of moral turpitude within five years of his entry. But the petitioner argues that his deportation would not be mandatory for having been convicted of aggravated felonies. He would therefore be able to seek forms of discretionary relief from removal that are unavailable to noncitizens convicted of aggravated felonies, including asylum, 8 U.S.C. § 1158(b)(2)(B)(i); application or reapplication for a visa or for an adjustment of status, § 1182(h)(2); and cancellation of removal, § 1229b(a)(3).

The petitioner has established sufficient prejudice. If the Court were apprised of the effects that a one-day shorter sentence might have on the immigration consequences facing the petitioner, it would have granted a request for a one-day reduction in the petitioner's sentence. Any reduction in time incarcerated is significant for purposes of Strickland prejudice. Lafler v. Cooper, 566 U.S. 156, 165 (2012) ("[A]ny amount of additional jail time has Sixth Amendment significance." (alteration and internal quotation marks omitted)); see Shu Feng Xia, 2015 WL 4486233 at *9.

The petitioner is also prejudiced by the potential unavailability of the forms of discretionary relief noted above. It is not certain that the petitioner will be granted any of these remedies; although, the prospect of faith-based persecution in the petitioner's home country indicates that he could potentially apply for such relief in good faith. Reducing the petitioner's sentence by one day enhances the probability of the petitioner's remaining in the United States with his family and significant other, rather than being removed to Bangladesh where he believes he will be persecuted. This is plainly consequential. "Deportation is an integral part . . . of the penalty that may be imposed on noncitizen defendants who plead guilty to specified crimes." Padilla, 559 U.S. at 364. And in this case, there is at least a "reasonable probability," see Strickland, 466 U.S. at 694, that a one-day reduction in the petitioner's sentence will affect the outcome of future immigration proceedings that the petitioner may face.

*       *       *

In sum, the petitioner has established that trial counsel rendered ineffective assistance under Strickland by failing to advise the Court of the impact of a one-day reduction in the petitioner's sentence and by failing to request the reduction accordingly. But for trial counsel's ineffectiveness, the petitioner would have received a one-day shorter sentence and

22

might not be subject to mandatory removal. The petitioner was therefore deprived of his Sixth Amendment right to the effective assistance of counsel.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the petitioner's motion pursuant to 28 U.S.C. § 2255 to set aside, vacate, or correct his judgment of conviction and sentence is **granted in part**. The petitioner's motion to vacate his conviction is **denied**. The petitioner's motion to vacate or correct his sentence is **granted**. The petitioner's sentence is vacated and he will be resentenced.

The Clerk of Court is directed to enter judgment accordingly in the petitioner's civil action, 18-cv-3105, and to close that case. The Clerk is directed to reopen the petitioner's criminal case, 16-cr-847. Unless the Court is advised otherwise, Labe M. Richman will serve as the petitioner's counsel for resentencing. The parties are directed

to confer and submit a proposed date for resentencing and a schedule for any supplemental sentencing submissions.

**SO ORDERED.**

Dated:    **New York, New York
November 13, 2018**

                                      **John G. Koeltl
United States District Judge**