

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

January 14, 2019

**BY ECF AND BY HAND**

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007
Fax: (212) 805-7912

    Re:    <u>United States</u> v. <u>Anik Roy</u>, 16 Cr. 847 (JGK)

Dear Judge Koeltl:

    The defendant in the above-captioned case is scheduled to be resentenced on February 1, 2019. The Government respectfully submits this letter in connection with that resentencing and in response to the defendant's sentencing memorandum ("Def. Mem."). As set forth in the Presentence Investigation Report ("PSR"), the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range applicable to this defendant is 12 to 18 months' imprisonment. (PSR ¶ 74). The Probation Office recommends a sentence of 6 months' imprisonment. (PSR at 17). For the reasons set forth below, the Government submits that the Court should impose a sentence within the Guidelines range of 12 to 18 months' imprisonment.

    **I.**    **Offense Conduct**

    Beginning in September 2011, the defendant participated in a scheme to deposit fraudulently obtained tax refunds into bank accounts that he opened and operated along with his co-defendant, Shiekh Miah Mahatab. From 2011 through 2012, approximately $114,669.45 in fraudulent tax refunds were deposited into accounts controlled by Roy and Mahatab. (PSR ¶ 16). According to a cooperating witness ("CW-1"), CW-1, Roy, and Mahatab participated in the scheme together. During a meeting at the direction of law enforcement in March 2014, the defendant told CW-1 that he and Mahatab made over $100,000 in the check scheme. The defendant's participation in the scheme continued, with Roy discussing the sale of personally identifying information – to be used in the tax refund scheme – as last as March 2015, when the defendant sold CW-1 the names and social security numbers of several individuals for thousands of dollars. (PSR ¶ 18-20).

Hon. John G. Koeltl
January 14, 2019
Page 2 of 6

## II. The Defendant's Plea, Sentence, and *Habeas* Petition

On October 19, 2017, the defendant pled guilty to Counts One and Two of the Indictment pursuant to a plea agreement (the "Plea Agreement") with the Government. The Plea Agreement included the defendant's admission that he participated in the scheme from September 2011 through March 15, and that the scheme involved more than $95,000 but less than $150,000. Based on this loss amount, and the amount of victims, the parties agreed that the base offense level of 13. (PSR ¶ 7). Due to the defendant's acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and the defendant's assistance to authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of his intention to enter a plea of guilty, the offense level was reduced two points pursuant to U.S.S.G. § 3E1.1(b). (*Id.*) With a criminal history category of I, the Plea Agreement calculated the Guidelines to be 12 to 18 months. (*Id.*)

In the PSR, finalized on January 10, 2018, the Probation Office also concluded that the defendant's applicable Guidelines range was 12 to 18 months' imprisonment (the "Guidelines Range"), based on an applicable base Guidelines offense level of 13 and a Criminal History Category of I. (PSR ¶ 74). The Probation Office recommended a sentence of 6 months' imprisonment. (PSR at 17).

On February 26, 2018, the court imposed a sentence of principally six months' imprisonment and six months' house arrest. On April 8, 2018, Petitioner's new attorney filed a habeas petition pursuant to 28 U.S.C § 2255 (the "Petition"). On September 20, 2018, the Court held a hearing on the Petition at which the defendant, former defense counsel, and an immigration attorney testified.

On November 13, 2018, the Court issued an opinion and order granting the defendant's Petition in part and denying it in part, ultimately ordering that the defendant be resentenced. As part of that opinion, the Court said as follows:

> The petitioner contends that, despite the numerous occasions where immigration consequences were acknowledged, he was unaware throughout his criminal proceeding of the immigration consequences he faced. He testified that he believed that he "might get into [a] little trouble with immigration" but that he would not face presumptively mandatory deportation. The petitioner stated that his trial counsel did not "even discuss the immigration with [him] that much," and the petitioner stated that he took the warnings in the plea agreement "to mean that [he] wouldn't have any problem with deportation." This testimony was not credible. The petitioner also claimed that, although he is afraid of prison, he would have pleaded guilty to Count III, which carried a two-year mandatory minimum sentence, if he knew that it would have reduced his risk of deportation - even if it were possible that he would still be deported after that two-year term of imprisonment. This testimony also strained credulity.

*Roy v. United States*, No. 18-CV-3105 (JGK), 2018 WL 5915335, at *2 (S.D.N.Y. Nov. 13, 2018) (internal citation omitted).

### III. Applicable Law

Although the Guidelines are no longer mandatory, they provide strong and relevant guidance to the Court following *United States* v. *Booker*, 543 U.S. 220 (2005), and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005). "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range"—that range "should be the starting point and the initial benchmark." *Gall* v. *United States*, 552 U.S. 38, 49 (2007). As the Second Circuit has remarked *en banc*, although the Guidelines do not dictate a presumptively reasonable sentence, they are not merely a "body of casual advice." *United States* v. *Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (internal quotation marks omitted). The Guidelines' relevance throughout the sentencing process stems in part from the fact that, while they are advisory, "the sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives," *Rita* v. *United States*, 551 U.S. 338, 348 (2007), and the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall*, 552 U.S. at 46; *see also Rita*, 551 U.S. at 349.

After making the initial Guidelines calculation, a sentencing judge must then consider the seven factors outlined in Title 18, United States Code, Section 3553(a), including, among others, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to avoid unwarranted sentencing disparities.

Hon. John G. Koeltl
January 14, 2019
Page 4 of 6

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, including:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). To the extent the District Court imposes a sentence outside the range recommended by the Guidelines, the Court must "'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" *Cavera*, 550 F.3d at 189 (quoting *Gall*, 552 U.S. at 50).

## IV.   Discussion

In light of the nature and circumstances of the instant offense, as well as the history and characteristics of the defendant, the Government respectfully submits that the Court should impose a sentence within the advisory Guidelines range of 12 to 18 months' imprisonment in this case.

The Government submits that two of the factors set forth in 18 U.S.C. § 3553(a) are particularly relevant here, and weigh in favor of a sentence within the applicable Guidelines range:

- <u>First</u>, a Guidelines sentence is necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

- <u>Second</u>, a Guidelines sentence is necessary to afford adequate deterrence. *See* 18 U.S.C. § 3553(a)(2)(B).

As to the first of those factors, the defendant's participation in the stolen identify refund scheme spanned several years – beginning in 2011 and continuing until at least March 2015 when he sold social security numbers to another member of the scheme. The defendant's role also caused more than $100,000 in losses. Thus, while the original defense submission highlighted the defendant's employment history and dedication to his family, the defendant has in fact admitted to participating in criminal conduct for several years before his arrest in 2016.

Hon. John G. Koeltl
January 14, 2019
Page 5 of 6

The length of his involvement in criminal conduct and the losses caused call for a Guidelines sentence in this case.

Second, the Court should impose a Guidelines sentence to afford adequate deterrence to the defendant and others who would engage in fraudulent schemes such as this stolen identity refund scheme in this case. While the original defense submission highlighted the defendant's status as a first-time offender in seeking a significant below-Guidelines variance, the Guidelines Range already takes the defendant's lack of criminal history into account. Should the Court grant the defendant's request and decline to impose any term of incarceration on the defendant, the defendant will effectively have been permitted to participate in criminal conduct for more than three years with no real consequence. Such a result would provide woefully inadequate deterrence to the defendant should he be faced with another opportunity to earn money through theft or fraud.

Third, the Court should impose a Guidelines sentence because the defendant lied under oath during his habeas proceeding. As found the by the Court in its November 13, 2018 opinion and order, the defendant did not testify credibly about what defense counsel told him and about his understanding of defense counsel's advice. *See Roy*, 2018 WL 5915335, at \*2. He should not receive a windfall for this conduct. Although the Court has ruled that the defendant must be resentenced due to counsel's failure to advice the Court of the immigration consequences of a one year sentence, significantly reducing the term of imprisonment would inappropriately reward the defendant's lack of candor with the Court.

Finally, the defendant's second submission argues that the defendant will be vulnerable in prison due to his "attractive[ness]." Although a defendant's physical appearance can be relevant at sentencing, *United States v. Lara*, 905 F.2d 599, 602 (2d Cir. 1990), it should not excuse the defendant from serving a prison term. First, unlike in *Lara*, this defendant does not argue that his sexuality makes him particularly vulnerable in prison. *Id*. And second, the defendant in *Lara* still received a lengthy sentence subject to a mandatory minimum. Here, imposing no sentence of imprisonment on resentencing would ignore the seriousness of the offense, the need for deterrence, and the defendant's decision to perjure himself before the Court.

Hon. John G. Koeltl
January 14, 2019
Page 6 of 6

V.      **Conclusion**

The Government respectfully submits that a Guidelines sentence would be fair and appropriate, and would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing in this case.

                                                Respectfully submitted,

                                                GEOFFREY S. BERMAN
                                                United States Attorney

                                    By:         _____
                                                Kyle A. Wirshba
                                                Assistant United States Attorney
                                                (212) 637-2493

cc:     Labe Richman, Esq.