**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------

**UNITED STATES OF AMERICA,**

      - against -                  16cr847 (JGK)

**ANIK ROY,**                              **MEMORANDUM OPINION AND ORDER**

            **Defendant.**
------------------------------------------------

**JOHN G. KOELTL, District Judge:**

The defendant, Anik Roy, requests a modification of his sentence to terminate the house arrest component of his term of supervised release. For the reasons set out below, the application is **denied**.[1]

On October 19, 2017, the defendant pleaded guilty to Counts One and Two of a three-count indictment. ECF No. 27. Count One charged the defendant with participating in a conspiracy to steal government funds in violation of 18 U.S.C. § 371. ECF No. 10. Count Two charged the defendant with theft of government funds in violation of 18 U.S.C. §§ 641 and 2. Id. On February 26, 2018, the Court sentenced the defendant principally to a term of six months' imprisonment to run concurrently on Counts One and Two to be followed by a term of three years' supervised release, which included a condition of six months' home

---

[1] The defendant's application does not specify the statutory or legal basis for the application. In any event, the application presents no persuasive basis to terminate the house arrest term of the defendant's supervised release.

1

confinement to run concurrently on Count One and Count Two. ECF No. 33.[2] Because of his conviction and sentence, the noncitizen defendant is subject to mandatory removal under 8 U.S.C. § 1227(a)(2)(A)(iii) for committing aggravated felonies. ECF No. 52, at 1-2.

On November 13, 2018, the Court granted in part and denied in part the defendant's petition under 28 U.S.C. § 2255 to set aside his conviction and sentence on the grounds of alleged ineffective assistance of counsel. Id. at 23. The Court denied the motion to vacate the conviction but ordered that the sentence be vacated and that the defendant be resentenced. Id. The Court found that there was ineffective assistance of counsel to the extent that defense counsel had failed to seek a sentence of at least one day short of a year's sentence (combining the term of imprisonment and house arrest) because such a minimally shorter sentence could possibly be used to avoid the immigration consequences arising from a conviction for an aggravated felony.

On February 1, 2019, the defendant was resentenced. At that sentencing, new defense counsel argued for a sentence of no imprisonment and 364 days' house arrest, a sentence that defense counsel urged in order to ameliorate the potential collateral immigration consequences of a sentence of imprisonment of one

---

[2] At sentencing, Count Three of the indictment, for aggravated identity theft in violation of 18 U.S.C. §§ 1028A(a)(1),(b) and 2, was dismissed on the Government's motion. ECF No. 33.

2

year. Resent. Tr. at 9-10. In arguing for that sentence, defense counsel noted that the defendant would, in any event, likely end up spending six months in immigration detention. Id. at 10.

The Court rejected defense counsel's argument, "although the Court appreciate[d] that the Court can take immigration consequences into account." Id. at 22. The Court indicated an intent to impose a substantially similar sentence as was imposed at the initial sentencing, principally a sentence of six months' imprisonment on Counts One and Two to run concurrently to be followed by a three-year term of supervised release on Counts One and Two to run concurrently with a condition of 180 days' home confinement as a condition of supervised release. Id. at 32. The Court chose 180 days' home confinement so that it was clear that the combination of the six months' imprisonment and the 180 days home confinement would be less than one year's imprisonment in order to assist the defendant's argument before the immigration authorities. The Court found that the intended sentence was the appropriate sentence after "taking all of the sentencing factors into account." Id. at 23.

After the Court indicated the sentence it intended to impose, defense counsel urged the Court to modify the intended conditions of supervised release "if it seems like he should get credit for the time in immigration custody . . . . [E]ven though he wouldn't be supervised the term would begin even though he's

3

in immigration custody." Id. at 30. The Court declined defense counsel's suggestion, and noted that in crafting the sentence, the Court had already declined defense counsel's suggestion "not to impose any sentence of home confinement because the defendant would already be confined by the immigration authorities." Id. at 30-31. The Court explained that it was "prepared – and I did – accept the proposition that if the sentence could be reduced, as I did reduce it, to increase the defendant's chances of remaining in the United States, . . . the answer to that is clear, that I ought to reduce the sentence." Id. at 31. However, the Court declined the suggestion to modify the conditions of supervised release because it "goes a step too far" to say that the immigration consequences and criminal consequences should run concurrently. Id. The Court again emphasized that the sentence imposed was "appropriate for the defendant, given all of the circumstances and all of the relevant 3553(a) factors." Id.

In his current application, the defendant renews the argument made at sentencing to modify the terms of supervised release by terminating the condition of home confinement. The defendant argues that the modification is appropriate because the defendant has now spent time in immigration detention and because the conditions of home confinement are too restrictive.

4

The argument lacks merit now, as it did when it was made at sentencing.

At sentencing, the Court imposed a sentence, including the term and conditions of supervised release, that was sufficient but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)(2). The Court noted specifically the seriousness of the defendant's crimes and was well aware of the possibility that the defendant might face immigration consequences including immigration detention. However, the sentence that the Court imposed, including the term of home detention, was the sentence that was reasonable and appropriate taking all of the relevant considerations into account. There is no basis to change that assessment of the appropriate sentence in this case at this time.

To the extent that the defendant finds any particular condition of supervised release to be too onerous or too counterproductive because it inhibits the defendant's ability to earn a living, the defendant should raise that issue with the Probation authorities and then, if necessary, with the Court.

## CONCLUSION

The Court has considered all the arguments of the parties. To the extent not discussed, the arguments are either moot or without merit. The defendant's application to reduce the term of

home confinement as a condition of his supervised release is **denied**.

**SO ORDERED.**

Dated:  New York, New York
        June 16, 2020                    \_\_\_\_/s/ John G. Koeltl\_\_\_\_\_
                                              John G. Koeltl
                                         **United States District Judge**